DEC 17 2019 AC

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

RECEIVED 2019 DEC 17 AM 8:55

1

2  UNITED STATES DISTRICT COURT
        DISTRICT OF _____

3

4  NOAH A TAJLILI
        Plaintiff(s),

5       v.
   MARTY SARIM, (CEO)
6  ERC
        Defendant(s).

1:19-cv-08260
Judge Virginia M. Kendall
Magistrate Jeffrey Cummings

7

8

9  **CIVIL COMPLAINT**

10 A. **JURISDICTION**

11 1. This Court has Federal jurisdiction over this action pursuant to 28 U.S.C. § 1332

12 because Defendant violated the Fair Debt Collections Practices Act("FDCPA") because:

13      a) The plaintiff is an individual residing in and a citizen of the

14      state of ___ILLINOIS___;

15      b) The defendant is a corporation organized and existing under the laws of the

16      State of ___FLORIDA___ with its principle place of business in

17      ___JACKSONVILLE, FLORIDA___.

18      c) There is a complete diversity of citizenship between plaintiff and the

19      defendant.

20 B. **DEFINITIONS**

21 2. The plaintiff, ___NOAH A TAJLILI___ is a "consumer" and is defined by 15 U.S.C. §

22 1692(a)(3), as "any natural person obligated or allegedly obligated to pay any debt."

23 3. The defendant, ___ERC___ is a "debt collector" and is defined by 15

1   U.S.C. § 1692(a)(6), as "any person who used instrumentality of interstate commerce or

2   the mails in any business, the principle purpose of which is the collection of any debts, or

3   who regularly collects or attempts to collect directly or indirectly any debts owed or due

4   or asserted to be owed or due another."

5   **C. STATEMENT OF THE CASE**

6   4. On __DECEMBER 7TH, 2018__, the plaintiff obtained a copy of his consumer report

7   from Equifax Information Services, Experian Information Solutions, and Trans Union

8   Corporation which revealed that ___ERC___ ("defendant") had placed an

9   entry on plaintiffs consumer report which communicated that the plaintiff allegedly had

10  an account in default with the defendant in the amount of $ __2,490__ by assignment

11  from ___AT T MOBILITY___ dated ___FEB. 2018___. See **Exhibit B**.

12  5. On ___October 15th, 2019___, the defendant took receipt of plaintiffs

13  "Notice Of Relief", requesting the defendant validate the alleged debt pursuant to the

14  Fair Debt Collection Practices Act("FDCPA"), 15 U.S.C. § 1692g(a) and 1692g(b),

15  through certified mail receipt which is numbered ___7016 2710 0000 9487 7957___

16  and attached as **Exhibit A**. It should be noted that the defendant refused to respond to

17  plaintiffs validation request.

18  **D. CLAIM ONE**

19  6. The plaintiff asserts that the defendant violated section 15 U.S.C. § 1692e(2)(A) of the

20  Fair Debt Collection Practices Act when the defendant reported to Equifax Information

21  Services, Experian Information Solutions, and Trans Union Corporation that the plaintiff

22  is in default with the defendant in the amount of $__2,490__ through assignment

23  from ___AT T MOBILITY___. See **Exhibit B**.

1　7. Snyder v. Gordon, 2012 U.S. Dist LEXIS 120659, (9th Cir.) which states, "The

2　FDCPA prohibits the false representation of the "character, amount, or legal status" of

3　any debt § 1692e(2)(A). A misstatement of a debt need not be knowing or intentional to

4　create liability under this section. Clark, 460 F.3d at 1176."

5　8. The defendant intended to manipulate the plaintiff by falsely representing that the

6　alleged debt which is a violation of the Fair Debt Collection Practices Act. This

7　constitutes a violation of the "Act" as a matter of law.

8　9. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

9　defendants violation of 15 U.S.C. § 1692e(2)(A) of the ("FDCPA").

10　**E. CLAIM TWO**

11　10. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(8) of the

12　Fair Debt Collection Practices Act when the defendant communicated false information

13　concerning the alleged debt that the plaintiff never owed to the defendant, nor had the

14　alleged debt been assigned to the defendant. The defendant communicated to Equifax

15　Information Services, Experian Information Solutions, and Trans Union Corporation

16　false information, stating that the defendant had been assigned to collect said debt from

17　the plaintiff, and the plaintiff was in default for $2,490_____ to the defendant.

18　**See Exhibit B.**

19　11. Nelson v. Equifax Information Services, LLC, 522 F. Supp. 2d 1222 (9th Cir. 2007)

20　states, "in order to sustain a section 1692e(8) claim, a party must show that a debt

21　collector communicated or threatened to communicate credit information which they

22　knew or should have known was false, including failing to communicate that debt was

23　disputed."_____ERC_____ never had a valid assignment authorizing

1. them to pursue and report to credit bureaus the alleged debts associated with the plaintiff.

2. 12. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(8) of the ("FDCPA").

### F. CLAIM THREE

13. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692C(10) of the Fair Debt Collection Practices Act when the defendant used false and deceptive means to attempt to collect a debt from the plaintiff. By communicating false information, the defendant attempted to gain an advantage of an unsophisticated consumer through false misrepresentation.

14. Heathmen v. Portfolio Recovery Assoc., LLC, U.S. Dist. LEXIS 27057 (9th Cir. 2013) states, "A debt collector violates section 1692e(10) if it 'use[s]...a false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer ("a debt collectors representation that a debt is owed to it when in fact is not, amounts to a misrepresentation barred by the ("FDCPA")."

15. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(10) of the ("FDCPA").

### G. CLAIM FOUR

16. Plaintiff asserts that defendant violated section 15 U.S.C. § 1692e(12) of the Fair Debt Collection Practices Act when the defendant communicated the false representation that the alleged account was turned over to _____ERC_____ for value to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation. **See Exhibit B.** The defendant never received assignment to pursue or report to credit bureaus alleged debts associated with the plaintiff.

17. Fortunato v. Hop Law Firm, LLC, U.S. Dist. LEXIS 152712 (9th Cir. 2012) states, "Section 1692e(12) prohibits "The false representation or implication that accounts have been turned over to innocent purchasers for value", when determining whether a misrepresentation in a debt collection has been made, the court must apply the "least sophisticated debtor" standard and make a determination as to whether the debt would be "deceived or misled by the misrepresentation", quoting Wade v. Reg'l Credit Ass'n, 87 F. 3d 1098, 1098-100 (9th Cir. 2006).

18. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692e(12) of the ("FDCPA").

## H. CLAIM FIVE

19. Plaintiff asserts defendant violated section 15 U.S.C. § 1692f(1) of the Fair Debt Collection Practices Act when the defendant unconscionable means to attempt to collect an alleged debt by reporting to Equifax Information Services, Experian Information Solutions, and Trans Union Corporation that _____ERC_____ obtained legal permission, documented by a valid assignment that the plaintiff was now in default with a debt owed to the defendant with the attempt to force the plaintiff to pay the $2,490.00_____ allegedly owed.

20. Sukiasyan v. OCS Recovery Inc., U.S. Dist. LEXIS 29877 (9th Cir. 2013) states, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principle obligation) unless such amount is expressingly authorized by the agreement creating the debt or permitted by law."

Minus the agreement to collect on the attempted debt, the defendant is in direct violation of this section.

21. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

### I. CLAIM SIX

22. The plaintiff asserts that defendant violated section 15 U.S.C. § 1692g(b) of the Fair Debt Collection Practices Act when defendant refused to respond to plaintiffs validation request. The defendant took receipt of plaintiffs "Notice of Administrative Remedy" and requested that the defendant provide the original creditors name, address, and verification of the alleged assignment or documents that gives __ERC__ the legal right to pursue and report to credit bureaus the alleged debts associated with the plaintiff. The defendant took receipt of plaintiffs request for validation through certified mail receipt #__7016 2710 0000 9487 7957__, which is attached as **Exhibit A**.

23. Danaher v. Northstar Location Servs., U.S. Dist. LEXIS 77606 (9th Cir. 2013) states, "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." By __ERC__ refusing to communicate with the plaintiff regarding the original creditor and the alleged assignment or documents that granted the defendant the right to report to the credit reporting agencies that the defendant legally obtained the alleged debt. The defendant is

1. in violation of section 1692g(b).

24. The plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation of 15 U.S.C. § 1692f(1) of the ("FDCPA").

### J. CLAIM SEVEN

25. The plaintiff asserts that the defendant violated section 623 of the Fair Debt Collection Practices Act("FDCPA") when they failed to report a disputed debt to the credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt when defendant took receipt of the "Notice Of Relief" on October 15th, 2019 Therefore, the defendant is in direct violation of section 623 of the ("FDCPA"). See Exhibit A.

26. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 623 of the ("FDCPA").

### K. CLAIM EIGHT

27. Plaintiff asserts that defendant violated section 807(8) of the Fair Debt Collection Practices Act("FDCPA") when they failed to report a disputed debt to the credit bureaus. The defendant was notified that the plaintiff disputed the alleged debt when defendant took receipt of the "Notice Of Relief" on October 15th, 2019 Therefore, the defendant is in direct violation of section 623 of the ("FDCPA"). Exhibit B.

28. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the defendants violation section 623 of the ("FDCPA").

### L. CLAIM NINE

29. The plaintiff asserts that the defendant violated section 605(c) of the Fair Debt

1    Collection Practices Act("FDCPA") when they "Re-Aged" the alleged account by

2    reporting the date of the last activity instead of the date of the first delinquencies. The

3    defendant "Re-Aged" the alleged account in hopes of circumventing the Statute Of

4    Limitation Laws set forth in which an alleged account can be collected. The defendant is

5    in direct violation of section 605(c) of the ("FDCPA").

6    **Exhibit A.**

7    30. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

8    defendants violation section 605(c) of the ("FDCPA").

9    M. **CLAIM TEN**

10    31. Plaintiff asserts that the defendant violated section 811(a)(2) of the Fair Debt

11    Collection Practices Act("FDCPA"). According to section 811(a)(2) of the

12    ("FDCPA"), a collector must be in the county in which the alleged debtor lives when the

13    alleged debtor signed for the debt. The defendant does not live or reside in the county

14    which the plaintiff lives and resides. Therefore, the defendant is in direct violation of

15    section 811(a)(2) of the ("FDCPA").

16    32. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

17    defendants violation section 811(a)(2) of the ("FDCPA").

18    N. **CLAIM ELEVEN**

19    33. The plaintiff asserts that the defendant violated section 806 of the Fair Debt

20    Collection Practices Act("FDCPA") which states that the collection agencies cannot

21    use any kind of harassment or abuse to collect an alleged debt. The defendant

22    persistently harassed the plaintiff by continuously reporting erroneous, derogatory,

23    and inaccurate information on the plaintiffs consumer reports. Therefore the defendant

1  is in direct violation of section 806 of the ("FDCPA").

2  34. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

3  defendants violation section 806 of the ("FDCPA").

4  **O. CLAIM TWELVE**

5  35. Plaintiff asserts that the defendant violated section 809(b) of the Fair Debt

6  Collection Practices Act("FDCPA") per the Federal Trades Commission("FTC") opinion

7  letter Cass from LeFevre, when they did not validate the alleged debt and still continued

8  to report this invalidated alleged debt to the credit bureaus. The defendant is in direct

9  violation of section 809(b) of the ("FDCPA").

10  36. Plaintiff hereby seeks statutory damages in the amount of $1,000.00 for the

11  defendants violation section 809(b) of the ("FDCPA").

12  **P. DAMAGES**

13  37. 15 U.S.C. § 1692k - Civil Liability - (a) Amount of Damages - Except as otherwise

14  prohibited by this section, any debt collector who fails to comply with any provision of

15  this title [15 USCS §§ et seq] with respect to any person is liable to such a person in an

16  amount equal to the sum of:

17  (2)(A) in the case of any action by an individual, such additional damages as the court

18  may allow, but not exceeding $1,000.00, per violation.

19  **Q. REQUESTED RELIEF**

20        **CLAIM ONE:**

21  A violation of 15 U.S.C. § 1692(2)(A) of the ("FDCPA") is $1,000.00

22  for the false representation of debt reported to Equifax Information Services, Experian

23  Information Solutions, and Trans Union Corporation.

1  
2  Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

3  
4  **CLAIM TEN:**

A violation of section 811(a)(2) of the ("FDCPA") is $1,000.00

for the defendant not living or residing in the county in which plaintiff lives and resides

when alleged debtor signed the debt and reporting it to the three consumer reporting

agencies: Equifax Information Services, Experian Information Solutions, and Trans

Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

**CLAIM ELEVEN:**

A violation of section 806 of the ("FDCPA") is $1,000.00

for harrassment and abuse to plaintiff by continuously reporting erroneous, derogatory,

and inaccurate information to the three consumer reporting agencies: Equifax Information

Services, Experian Information Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

**CLAIM TWELVE:**

A violation of section 809(b) of the ("FDCPA") is $1,000.00

for failing to validate the alleged debt and harrassment and continued to report to the

three consumer reporting agencies: Equifax Information Services, Experian Information

Solutions, and Trans Union Corporation.

**TOTAL DAMAGES: + $3,000.00**

38. The total amount of damages requested by the plaintiff is **$36,400.00**.

1　39. The **$400.00** added is the court cost associated with this action.

2　　　　I ___NOAH A TAJLILI___, hereby declare under penalty of perjury

3　in the state of ___ILLINOIS___, that the information stated above and any

4　attachments to this form is true and correct.

5　DATED: _12/12/19_　　　　　BY:/s/ _[signature]_

6　　　　　　　　　　　　　　　　Name: NOAH A TAJLILI

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

## Product Tracking & Reporting

Home     Search     Reports     Manual Entry     Rates/Commitments     PTR / EDW     USPS Corporate Accounts

Help
UNITED STATES POSTAL SERVICE
October 16, 2019

### USPS Tracking Intranet Tracking Number Result

**Result for Domestic Tracking Number 7016 2710 0000 9487 7957**

**Destination and Origin**

**Destination**

| ZIP Code | City | State |
|---|---|---|
| 322567412 | JACKSONVILLE | FL |

**Origin**

| ZIP Code | City | State |
|---|---|---|
| 610329998 | FREEPORT | IL |

**Tracking Number Classification**

**Class/Service**

| | |
|---|---|
| Class/Service: | First-Class Certified Mail |
| Class of Mail Code/Description: | FC / First Class |

**Destination Address Information**

| | |
|---|---|
| Address: | 8014 BAYBERRY RD |
| City: | JACKSONVILLE |
| State: | FL |
| 5-Digit ZIP Code: | 32256 |
| 4-Digit ZIP Code add on: | 7412 |
| Delivery Point Code: | 14 |
| Record Type Code: | Street Record |
| Delivery Type: | Business, Other |

**Origin / Return / Pickup Address Information**

| | |
|---|---|
| Address: | |
| City: | |
| State: | |
| 5-Digit ZIP Code: | 61032 |
| 4-Digit ZIP Code add on: | 9998 |

**Service Delivery Information**

| | |
|---|---|
| Service Performance Date: | Expected Delivery by: Thursday, 10/10/2019 |
| Delivery Option Indicator: | 1 - Normal Delivery |
| Zone: | 05 |
| PO Box: | N |
| Other Information: | Service Calculation Information |

**Payment**

| | |
|---|---|
| Payment Type: | Other Postage |
| Payment Account Number: | 000000000000 |
| Postage: | $0.70 |
| Weight: | 0 lb(s) 2 oz(s) |
| Rate Indicator: | Single Piece - Letters |

Agent Information

**Extra Services**

**Extra Services Details**

| Description | Amount |
|---|---|
| Certified Mail | $3.50 |

**Events**

USPS Tracking Intranet          **Exhibit A.**          Page 1 of 1

**Product Tracking & Reporting**

Home  Search  Reports  Manual Entry  Rates/Commitments  PTR / EDW  USPS Corporate Accounts

October 16, 2019

**USPS Tracking Intranet**
**Delivery Signature and Address**

Tracking Number: 7016 2710 0000 9487 7957

This item was delivered on 10/15/2019 at 08:22:00

< Return to Tracking Number View

**Delivery Section**

Signature: ERC Correspondence

Printed: Tessa Sampson

Address: 8014 Bayberry Rd

Enter up to 35 items separated by commas.

Select Search Type: Quick Search    Submit

Product Tracking & Reporting, All Rights Reserved
Version: 20.1.1.0.6



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

JACKSONVILLE, FL 32256

Certified Mail Fee: $3.50
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)     $ $0.00
☐ Return Receipt (electronic)   $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required      $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00
Postage: $0.70
Total Postage and Fees: $4.20
10/07/2019

Sent To: Marty Sarim (ceo)
Street and Apt. No., or PO Box No.: 8014 Bayberry Rd
City, State, ZIP+4®: Jacksonville, FL 32256

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7016 2710 0000 9487 7957

https://pts-2.usps.gov/pts2-web/tcIntranetTrackingNumResponse/deliverySignatureAndA...    10/16/2019

# Exhibit B.

NOAH ASSAD TAJLILI | Report # 0211-4824-15 for **12/07/18**

Your accounts that may be considered negative (continued)

**Account History** * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Oct18 | Sep18 | Aug18 | Jul18 | Jun18 | May18 | Apr18 | Mar18 | Feb18 | Jan18 | Dec17 | Nov17 | Oct17 | Sep17 | Aug17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 |
| DPR | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| | Jul17 | Jun17 | May17 | Apr17 | Mar17 | Feb17 | Jan17 | Dec16 | | | | | | | |
| AB ($) | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | 2,668 | | | | | | | |
| DPR | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | Nov29 | | | | | | | |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | | | | | | | |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | | | | | | | |

Between Dec 2016 and Oct 2018, your credit limit/high balance was $2,500

---

**ERC** Partial account # 186864412      PO BOX 57547, JACKSONVILLE, FL 32241 or (800) 496 8941

| **Date opened** | **First reported** | **Recent balance** | **Payment history** |
|---|---|---|---|
| Dec 2017 | Feb 2018 | $2,490 as of Nov 2018 | |
| **Address ID #** | **Terms** | **Status** | 2018: Jan Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec |
| 0127685755 | 1 Months | Collection account. | |
| **Original creditor** | **Monthly payment** | $2,490 past due as of | |
| AT T MOBILITY | Not reported | Nov 2018. | |
| **Type** | **Credit limit or original amount** | This account is scheduled to continue on record until May 2022. | |
| Collection | $2,490 | | |
| **Responsibility** | **High balance** | **Date of Status** | |
| Individual | Not reported | Jan 2018 | |

**Account History** * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Oct18 | Sep18 | Aug18 | Jul18 | Jun18 | May18 | Apr18 | Mar18 | Feb18 | Feb18 |
|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 2,490 | 2,490 | 2,490 | 2,490 | 2,490 | 2,490 | 2,490 | 2,490 | 2,490 | 2,490 |
| DPR | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| SPA ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |

The original amount of this account was $2,490

---

**FEDERAL LOAN SERVICING CREDIT** Partial account # 7315187448FD0....      PO BOX 60610, HARRISBURG, PA 17106 or (800) 233 0557

| **Date opened** | **First reported** | **Recent balance** | **Payment history** |
|---|---|---|---|
| May 2015 | Jun 2015 | $44,196 as of Oct 2018 | Jan Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec |
| **Address ID #** | **Terms** | **Status** | 2018: ND ND ND ND OK OK OK OK OK OK |
| 0309236974 | 300 Months | Open. | 2017: OK OK OK OK OK OK OK OK OK OK OK OK |
| **Type** | **Monthly payment** | By Aug 2024, this account is scheduled to go to a positive status. | 2016: OK OK OK OK OK ND ND OK OK OK OK OK |
| Education | $413 | | 2015: OK OK OK OK OK OK OK OK |
| **Responsibility** | **Credit limit or original amount** | **Date of Status** | |
| Individual | $38,445 | May 2018 | |
| | **High balance** | | |
| | Not reported | | |

**Account History** * (AB = Account Balance, DPR = Date Payment Received, SPA = Scheduled Payment Amount, AAP = Actual Amount Paid)

| | Sep18 | Aug18 | Jul18 | May18 | Apr18 | Mar18 | Feb18 | Jan18 | Dec17 | Nov17 | Oct17 | Sep17 | Aug17 | Jul17 | Jun17 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AB ($) | 44,011 | 43,832 | 43,646 | 41,530 | 41,530 | 41,530 | 41,530 | 41,530 | 41,530 | 41,530 | 41,526 | 41,526 | 41,526 | 40,177 | 40,177 |
| DPR | Sep15 | Aug15 | Jul15 | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| SPA ($) | 413 | 413 | 413 | 413 | 413 | 413 | 413 | 413 | 413 | 413 | 413 | 413 | 413 | ND | ND |
| AAP ($) | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND | ND |
| | May17 | Apr17 | Mar17 | Feb17 | Jan17 | Dec16 | | | | | | | | | |
| AB ($) | 40,177 | 40,177 | 40,177 | 40,177 | 40,177 | 40,177 | | | | | | | | | |
| DPR | ND | ND | ND | ND | ND | ND | | | | | | | | | |
| SPA ($) | ND | ND | ND | ND | ND | ND | | | | | | | | | |
| AAP ($) | ND | ND | ND | ND | ND | ND | | | | | | | | | |

The original amount of this account was $38,445