**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NOAH A. TAJILI, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) No. 19 C 8260 ) |
| MARTY SARIM, an individual, ERC, | ) Judge Virginia M. Kendall ) ) |
| *Defendants*. | ) |

**MEMORANDUM OPINION & ORDER**

Plaintiff Noah Tajili filed a complaint (Dkt. 1) against Marty Sarim and ERM seeking relief pursuant to the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") as well as an application to proceed *in forma pauperis*. (Dkt. 4.) For the reasons set forth below, the Court grants Plaintiff's application to proceed *in forma pauperis* and dismisses Plaintiff's complaint in part.

### I. *In Forma Pauperis* Application

Title 28 U.S.C. § 1915(a) permits the Court to authorize Tajili to proceed *in forma pauperis* if he is unable to pay the mandated filing fee. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Tajili is eligible to proceed *in forma pauperis* if paying the filing fee would prevent him from purchasing the necessities of life. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

In his financial affidavit, Tajili indicates that he has been unemployed for approximately sixteen months. He has less than $200 in bank accounts. He receives $2,304 per year in SNAP benefits and receives a HUD housing voucher that reduces his rent payment to $9 per month. His mother also pays his cellular phone bill of $35 per month. Because he has no wage income, no assets, and limited or no funds in bank accounts, Tajili has demonstrated that paying the mandated filing fee in this case would prevent him from purchasing the necessities of life. Accordingly, the Court grants Tajili's petition to proceed *in forma pauperis*. (Dkt. 4.)

### II. Complaint

Title 28 U.S.C. § 1915(e)(2) also requires the Court to screen Plaintiff's complaint and to dismiss the complaint if the Court determines that the action is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." Courts reviewing complaints under § 1915(e)(2) apply the same

standard used for dismissals under Rule 12(b)(6). *Coleman v. Labor & Indus. Review Comm'n of Wis.*, 860 F.3d 461, 468 (7th Cir. 2017); *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S 602, 678 (2009). The statement must "give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

   a. *Claims Against Defendant Marty Sarim*

Plaintiff makes no allegations with respect to Defendant Marty Sarim. Plaintiff has therefore failed to state a claim a claim against Marty Sarim upon which relief can be granted. Accordingly, the Court dismisses all twelve counts against Defendant Marty Sarim without prejudice.

   b. *Claims Against Defendant ERC*

Plaintiff pleads ten counts under the FDCPA and two counts under the FCRA against Defendant ERC. Each of the alleged statutory violations stems from ERC's placement of an entry on Plaintiff's consumer credit report. The entry indicates that Plaintiff defaulted on a debt owed to ERC in the amount of $2,490. According to the entry on Plaintiff's consumer credit report, the debt was assigned to ERC from AT&T Mobility. Plaintiff alleges that he never owed this debt. The Court addresses each of the twelve counts in order.

With respect to Counts One, Two, Three, and Four of his complaint, Plaintiff has adequately stated claims against Defendant ERC under four subsections of 15 U.S.C. § 1692e.

In Count Five, Plaintiff asserts that Defendant ERC violated 15 U.S.C. § 1692f(1), which prohibits "[t]he collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Plaintiff does not allege, however, that Defendant ERC has collected the debt. To the contrary, Plaintiff has refused to pay the alleged debt. Plaintiff has therefore failed to state a claim under 15 U.S.C. § 1692f, so the Court dismisses Count Five against Defendant ERC without prejudice.

In Count Six, Plaintiff adequately alleges that Defendant ERC violated 15 U.S.C. § 1692g(b).

In Count Seven, Plaintiff fails to state a claim that ERC violated 15 U.S.C. § 1681s-2. It is not clear which provision of this subsection of the FCRA Plaintiff alleges that Defendant violated, but it is most probable that Plaintiff alleges a violation of § 1681s-2(a)(3), which prohibits debt collectors from furnishing information about a disputed debt to a consumer reporting agency "without notice that the information is disputed by the consumer." Plaintiff fails to state a claim under this provision because Plaintiff did not dispute the debt until after ERC had already reported information about the debt to consumer reporting agencies. ERC communicated information about the debt to the consumer reporting agencies before Plaintiff communicated his dispute to ERC. Plaintiff does not therefore allege a violation of this subsection because when ERC communicated

the existence of the alleged debt to the credit reporting agencies, Plaintiff had not yet communicated to ERC that he disputed the debt. The Court dismisses Count Seven against ERC without prejudice.

Count Eight is duplicative of Count Seven. Both counts allege violations of 15 U.S.C. § 1681s-2 (§ 623 of the FCRA) for the same conduct by ERC. The Court therefore dismisses Count Eight with prejudice.

In Count Nine, Plaintiff alleges that Defendants violated 15 U.S.C § 1681c by "re-ageing" his alleged debt by "reporting the date of the last activity instead of the date of the first delinquencies." Such an action by ERC could constitute a violation of § 1681c. *See Gillespie v. Equifax Info. Servs., LLC*, 484 F.3d 938 (7th Cir. 2007) (reversing summary judgment in favor of Equifax where Equifax had been providing the "date of last activity" on credit reports rather than the date of delinquency, which could have caused debts to remain on credit reports beyond the FCRA's seven-year limitations period). However, Plaintiff provided no information in his complaint to substantiate that ERC engaged in re-ageing. To the contrary, Plaintiff attached to his complaint his consumer credit report, which lists the status of the alleged ERC debt as "past due as of Nov. 2018." This language in the credit report suggests that ERC provided the date of first delinquency to the credit reporting agencies, not the date of last activity. Without any further substantiation of Plaintiff's allegation in Count Nine, Plaintiff has made a bare allegation, which does not satisfy the federal pleading requirements. *See Diedrich v. Ocwen Loans Servicing, LLC*, 839 F.3d 583, 589 (7th Cir. 2016) ("[B]are and conclusory allegations . . . are insufficient to state a claim."). The Court therefore dismisses Count Nine against Defendant ERC without prejudice.

In Count Ten, Plaintiff fails to state a claim under 15 U.S.C. § 1692i. This subsection of the FDCPA requires that any action by a debt collector against a consumer be brought in the judicial district in which the consumer resides or in which the consumer signed the contract upon which the debt collector brings an action. Plaintiff does not allege, however, that ERC has brought any legal action against Plaintiff, as required to establish a violation of this subsection. Therefore, the Court dismisses Count Ten against Defendant ERC without prejudice.

In Count Eleven, Plaintiff fails to state a claim under 15 U.S.C. § 1692d, which provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in collection of a debt." The statute provides examples of what constitutes a violation of this subsection, including, *inter alia*, the use or threat of violence, the use of obscene language, and making repeated phone calls to the consumer. Plaintiff does not allege any behavior on the part of ERC that rises to harassment, oppression or abuse as defined in § 1692d. Instead, Plaintiff makes a bare allegation that ERC violated this section of the FDCPA. As with Count Nine, bare allegations do not satisfy the federal pleading standard. The Court dismisses Count Eleven against Defendant ERC without prejudice.

Count Twelve is duplicative of Count Six. Both counts allege violations of 15 U.S.C. § 1692g(b) (§ 809(b) of the FDCPA) for the same conduct by ERC. The Court dismisses Count Twelve with prejudice.

## CONCLUSION

Plaintiff's petition to proceed in forma pauperis (Dkt. 4) is granted. All twelve counts against Defendant Marty Sarim in Plaintiff's complaint (Dkt. 1) are dismissed without prejudice for failure to state a claim. Counts Five, Seven, Nine, Ten, and Eleven against Defendant ERC are dismissed without prejudice for failure to state a claim. Counts Eight and Twelve against Defendant ERC are dismissed with prejudice as duplicative of Counts Seven and Six, respectively. The Court grants Plaintiff leave to amend his complaint consistent with this Opinion, if possible, within twenty-one days from the entry of this Opinion.

Date: January 10, 2020

Honorable Virginia M. Kendall
United States District Judge